

```
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
       ENTERED
  TAWANA C. MARSHALL, CLERK
    THE DATE OF ENTRY IS
   ON THE COURT'S DOCKET
```

Russell F. Nelms
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE.                          §
                                §
MEDICAL TECHNOLOGY, INC., d/b/a §    CASE NO. 05-47377-RFN-11
BLEDSOE BRACE SYSTEMS,          §
                                §    Taxpayer ID #75-1828441
        DEBTOR.                 §

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On June 26, 2006[1] in Fort Worth, Texas, came on for final consideration the Second Amended Plan of Reorganization (As Revised) ("Plan") (Docket #229) proposed by Medical Technology, Inc , d/b/a Bledsoe Brace Systems. The Plan has been supplemented and amended as follows:

    i.    First Amendment and Supplement to the Plan (Docket #250) ("First Amendment");

    ii.    Third Amendment and Supplement to the Plan (Docket #383) ("Third Amendment"); and

    iii.    Fourth Amendment and Supplement to the Plan (Docket #391) ("Fourth Amendment").[2]

The term "Plan" shall also include the First Amendment, Third Amendment, Fourth Amendment and Addendum for Plan Trustee ("Addendum") attached as Exhibit "C" to the Fourth

---

[1] The confirmation hearing began on January 30, 2006, and continued through the end of the next day. The hearing was then recessed to be resumed at a later time. During the recess the parties were able to negotiate a settlement which is incorporated in the Plan
[2] The Second Amendment and Supplement (Docket #275) has been withdrawn and is not a part of the Plan.

Findings of Fact and Conclusions of Law - Page 1

Amendment. Reference is here made to the Plan, as supplemented and amended, for all purposes. Terms used in these Findings of Fact and Conclusions of Law ("Findings") shall be given the same meaning as in the Plan.

ACCORDINGLY, based on the evidence, exhibits and arguments of counsel, the Court having independently considered and reviewed the terms of the Plan, the Court makes the following Findings with respect to the confirmation of the Plan.

### Findings of Fact

**A. Objections**

1. Three objections were filed to the Plan. The first was filed by Generation II Orthotics, Inc. and Generation II USA, Inc. (collectively "Generation II"). As discussed below, Generation II's objection has been withdrawn and Generation II has accepted the Plan, subject to the Fourth Amendment and Addendum. A second objection was filed by Ford Motor Credit Corporation ("Ford Motor Credit") on May 18, 2006 relating to the Ford Secured Claim. This objection was resolved based upon stipulations placed on the record on May 31, 2006, and incorporated in paragraph 7 of the Order of Confirmation. The third objection was filed by JP Morgan Chase Bank, N.A. ("Chase Bank"). This objection has been withdrawn and Chase Bank has accepted the Plan, subject to the Third Amendment.

**B. Background**

2. This bankruptcy case was filed on July 25, 2005. The Debtor has remained as a debtor-in-possession during the course of the case.

3. Pursuant to an Order ("Bar Date Order") entered September 22, 2005 (Docket #130), the Court confirmed the Bar Date for filing Claims by non-governmental Creditors as being December 13, 2005. The Bar Date Order provides that holders of Interests are not required to file proofs of interest. The Bar Date Order provides that any Creditor required to file a proof of claim, and which fails to do so by the Bar Date, will be barred from asserting any Claim or receiving any distribution under the Plan.

Findings of Fact and Conclusions of Law - Page 2

4. Pursuant to the Bar Date Order, notice of the filing of the bankruptcy case and Bar Date was given by publication on October 4, 2005 in the Wall Street Journal, Fort Worth Star Telegram and the Dallas Morning News using the form of notice attached to the Bar Date Order.

5. No creditors committee was ever appointed in this case.

6. On December 14, 2005, the Court entered an Order Approving Second Amended Disclosure Statement (As Revised) approving the Disclosure Statement and setting other deadlines (Docket #245). Pursuant to the terms of this Order, confirmation packages consisting of the Disclosure Statement (which included a copy of the Plan) and ballots for voting to accept or reject the Plan were served upon creditors and parties in interest on December 16, 2005 (Debtor's Exhibit 4).

7. In addition, pursuant to an Order ("Publication Order") entered on September 22, 2005 (Docket #130), the Bankruptcy Court approved notice by publication with respect to the filing of the Plan, the deadline for objections to the Plan, and the Confirmation Hearing (Debtor's Exhibit 44). Notice by publication of the Plan and the confirmation hearing was given on December 21, 2005 in the Wall Street Journal, Fort Worth Star Telegram and Dallas Morning News (Debtor's Exhibit No. 44) using the form of notice attached to the Publication Order.

C.  **Voting on the Plan.**

8. The Debtor has filed a Tabulation of Votes (Debtor's Exhibit 8) which has also been filed of record with the Court (Docket #285) and reflects as follows:

**Class 1 – Convenience Claims**

| | |
|---|---|
| Total Ballots Received | 26 |
| Total Ballots Accepting | 26 |
| Total Dollar Amount Accepting | $22,467.68 |
| Total Ballots Rejecting | 0 |

| | |
|---|---|
| Total Dollar Amount Rejecting | $0.00 |
| Class Status: | Accept |

**Class 2 – Building Loans**

Class 2 is unimpaired and is not entitled to vote.

Class Status: Non-voting

**Class 3 – Secured Claims of Chase Bank**

| | |
|---|---|
| Total Ballots Received | 1 |
| Total Ballots Accepting* | 0 |
| Total Dollar Amount Accepting* | $0.00 |
| Total Ballots Rejecting* | 0 |
| Total Dollar Amount Rejecting | $1,291,777.35[3] |
| Class Status: | Reject[3] |

**Class 4 – Other Secured Claims**

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0 00 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

The only known claimant, Ford Motor Credit, is unimpaired.

Class Status: Non-voting

---

[3] As reflected below, Chase Bank has changed its vote to accept the Plan

Findings of Fact and Conclusions of Law - Page 4

### Class 5 – Tax Claims

| | |
|---|---|
| Total Ballots Received | 0 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0.00 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

All known taxes owed by the Debtor through December 31, 2005 are believed to have been paid. Hence, the Debtor believes that there are no creditors within this class.

Class Status: Non-voting

### Class 6 – Critical Vendors

| | |
|---|---|
| Total Ballots Received | 15 |
| Total Ballots Accepting | 15 |
| Total Dollar Amount Accepting | $141,106.56 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

Class Status: Accept

### Class 7 – Unsecured (General) Claims

| | |
|---|---|
| Total Ballots Received* | 15 |
| Total Ballots Accepting | 15 |
| Total Dollar Amount Accepting | $72,455.01 |
| Total Ballots Rejecting | 0 |
| Total Dollar Amount Rejecting | $0.00 |

*A Ballot received from Jim T. Smith voting to accept is excluded because he is an insider and the claim is entitled to priority treatment as a wage claim.
**Ballots received from Peter R. Berney and Tongyoo Shadley are excluded these claims are entitled to priority treatment as wage claims.

Class Status: Accept

**<u>Class 8 – Litigation Claims</u>**

| | |
|---|---|
| Total Ballots Received | 2 |
| Total Ballots Accepting | 0 |
| Total Dollar Amount Accepting | $0.00 |
| Total Ballots Rejecting | 2 |
| Total Dollar Amount Rejecting[4] | $6,882,850.60 |

Class Status: Reject

**<u>Class 9 – Interests in the Debtor</u>**

These are unimpaired.

Class Status: Non-voting

### <u>Summary Class Votes</u>

| | |
|---|---|
| Class 1 | Accept |
| Class 2 | Non-voting |
| Class 3 | Reject |
| Class 4 | Non-voting |
| Class 5 | Non-voting |
| Class 6 | Accept |
| Class 7 | Accept |
| Class 8 | Reject |
| Class 9 | Non-voting |

9  Although Chase Bank initially voted as the Class 3 Creditor to reject the Plan, Chase Bank has since accepted the Plan.

---

[4] Generation II has since changed its vote to accept the Plan

10. Likewise, Generation II originally rejected the Plan as a part of Class 8. Generation II has also since accepted the Plan.

11. The Debtor filed objections to the Pinkus Claim (docket #304) and the Bailey Claim (docket #306). Ultimately, an order was entered on February 23, 2006 with respect to the Debtor's objection to the Pinkus claim (docket #333). A second order was entered with respect to the objection to the Bailey claim on February 23, 2006 (Docket #334). Such orders provide that the holders of both the Pinkus Claim and the Bailey Claim will look exclusively to any applicable insurance for satisfaction of their Claims, and will not be entitled to receive any other distribution pursuant to the Plan.

12 Although given full notice of the bankruptcy case and the Bar Date, dj Orthopedics filed no proof of claim (Debtor's Exhibit 40). Pursuant to the Bar Date Order, dj Orthopedics is not entitled to an Allowed Claim or any distribution under the Plan. Consequently, the First Amendment amends paragraph 4.8(e) of the Plan to provide that dj Orthopedics is not entitled to any distribution under the Plan. No objection has been made to this provision by dj Orthopedics.

13. Class 2 – Building Loan, Ford Secured Claim (included in Class 4) and the Class 5 - Tax Claims are unimpaired. Pursuant to section 1126(f) of the Bankruptcy Code,[5] such Classes are unimpaired and are conclusively presumed to have accepted the Plan.

14. The Class of Interest Holders, Class 9, is also unimpaired and is also conclusively presumed to have accepted the Plan pursuant to section 1126(f).

15. Accordingly, the Court concludes that the Plan has been accepted or rejected by the various Classes as follows:

    a. <u>Class 1 – Convenience Claims</u>. This Class has accepted the Plan;

---

[5] Section references herein, unless otherwise specified, are to Title 11 of the U S. Code, the U.S Bankruptcy Code.

Findings of Fact and Conclusions of Law - Page 7

b. <u>Class 2 – Building Loans</u>. This Class is unimpaired and pursuant to section 1126(f) is deemed to have accepted the Plan;

c. <u>Class 3 – Secured Claims of Chase Bank</u>. Chase Bank has accepted the Plan;

d. <u>Class 4 – Other Secured Creditors</u>. The only member of this Class to assert a Secured Claim, which excludes the Tax Claims, Buildings Loans and Chase Bank Claim, was Ford Motor Credit with respect to the Ford Secured Claim. This Secured Claim is unimpaired and the objection to the Plan by Ford Motor Credit has been resolved based upon stipulations placed on the record and included in the Order of Confirmation;

e. <u>Class 5 – Tax Claims</u>. The holders of Tax Claims are unimpaired and pursuant to section 1126(f) are deemed to have accepted the Plan. In addition, all property taxes for any period through December 31, 2005 have been paid;

f. <u>Class 6 – Critical Vendors</u>. This Class has accepted the Plan;

g. <u>Class 7 – Unsecured (General) Claims</u>. This Class has accepted the Plan;

h. <u>Class 8 -. Litigation Claims</u>. Litigation Claims are broken down into five subparts as follows:

(i) <u>Patent Claim</u>. Generation II has accepted the Plan based upon the Fourth Amendment and Addendum;

(ii) <u>Pinkus Claim</u>. An Order has been entered on the Pinkus Claim authorizing the holder of such Claim to proceed against any applicable insurance, but disallowing the Claim for any other or further distribution through this bankruptcy case;

(iii) <u>Bailey Claim</u>. An Order has been entered on the Bailey Claim authorizing the holder of such Claim to proceed against any applicable insurance, but disallowing the Claim for any other or further distribution through this bankruptcy case;

(iv) <u>Noyes Claim</u>. The holder of the Noyes Claim has not accepted the Plan; and

(v) dj Orthopedics Claim. dj Orthopedics has not filed a proof of claim. Consequently, pursuant to the Bar Date Order, it is not entitled to any Allowed Claim or any distribution pursuant to the Plan. Paragraph 4 8(e) of the Plan (as amended in the First Amendment) provides that dj Orthopedics shall have no Allowed Claim.

Accordingly, with respect to Class 8, Generation II, as holder of the Patent Claim, has accepted the Plan. The holders of the Pinkus Claim, Bailey Claim and dj Orthopedics Claim have no Allowable Claim entitled to vote on the Plan. While the holder of the Noyes Claim has not accepted the Plan, the Plan may still be "crammed down" as to the holder of the Noyes Claim pursuant to sections 1129(b)(1) and 1129(b)(2)(B)(i).

(vi) Class 9 – Interest Holders. This Class is unimpaired and is deemed to have accepted the Plan pursuant to section 1126(f).

### D. Critical Vendors (Class 6).

16. The Plan proposes to pay certain Claimants classified as Critical Vendors (Class 6) within 30 days of the Effective Date. At the Confirmation Hearing, the Debtor introduced sufficient testimony and other evidence (Debtor's Exhibit 42) to substantiate the separate classification of these Claimants as Critical Vendors and their proposed treatment as a part of Class 6.

### E. Compliance with Section 1123.

17. With respect to the requirements of section 1123:

a. The Plan designates Classes of Creditors and Interests in compliance with section 1123(a)(1),

b. The Plan specifies each Class of Claims or Interests that is not impaired in accordance with section 1123(a)(2);

c. The Plan specifies the treatment of each Class of impaired Claims in accordance with section 1123(a)(3);

d. The Plan provides the same treatment for each Claim or Interest included in a particular Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such particular Claim or Interest in accordance with section 1123(a)(4);

e. The Plan provides adequate means for its implementation in compliance with section 1123(a)(5);

f. The requirements of section 1123(a)(6) do not apply to this case; and

g. The Plan contains only provisions consistent with the interests of Creditors and holders of Interests and with public policy with respect to the manner of selection of any officer, director or trustee under the Plan and any successor to such director or trustee, including the provisions of the Addendum as they relate to the Plan Trustee, in compliance with section 1123(a)(7).

F. **Compliance with Section 1129**

18. With respect to the requirements of section 1129:

a. The Plan complies with the applicable provisions of Title 11 in compliance with section 1129(a)(1);

b. The Debtor, as proponent of the Plan, has complied with the applicable provisions of Title 11 in compliance with section 1129(a)(2);

c. The Plan has been proposed in good faith and not by any means forbidden by law in compliance with section 1129(a)(3);

d. Any payment made or to be made by the Debtor for services, costs or expenses in or in connection with the Plan or incident to the case, has been approved by, or is subject to approval by, the Court as reasonable in compliance with section 1129(a)(4);

e. The proponents of the Plan, both in the Disclosure Statement and testimony at the Confirmation Hearing, have disclosed the affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of the Reorganized Debtor in compliance with section 1129(a)(5)(A)(i) and the appointment or continuation in such office of such

individuals is consistent with the interests of Creditors and equity security holders and with public policy in compliance with section 1129(a)(5)(A)(ii). In addition, the proponents of the Plan have disclosed the identity of any insiders to be employed or retained by the Reorganized Debtor, and the nature of any compensation of such insider, in compliance with section 1129(a)(5)(B);

    f.    Because the Debtor is not subject to any governmental or regulatory commissions, the requirements of section 1129(a)(6) are not applicable in this case;

    g.    With respect to each impaired Class of Claims or Interests, each such holder of a Claim or Interest has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 on such date. The Plan complies with section 1129(a)(7);

    h.    As to section 1129(a)(8), the only impaired Class to reject the Plan is the holder of the Noyes Claim. All other impaired Classes have accepted the Plan;

    i.    With respect to the requirements of section 1129(a)(9):

    (i)    With respect to administrative claims of the type specified in section 507(a)(1) or (a)(2), on the Effective Date of the Plan the holders of such Claims will receive, on account of such Claims, cash equal to the allowed amount of any such Claim,

    (ii)    Priority wage claims subject to section 507(a)(3) were paid pursuant to a "First Day" Motion, and which was granted pursuant to an Order entered July 28, 2005 (docket #42). Consequently, all such priority wage claims have previously been satisfied;

    (iii)    There are no unpaid claims for contributions to employee benefit plans in accordance with section 507(a)(4) and sections 507(a)(5), (a)(6) and (a)(7) do not apply to this case;

    (iv)    With respect to section 507(a) relating to taxes, there are no Claims subject to section 507(a)(8)(A);

    (v)    Claims for property taxes subject to section 507(a)(8)(B) are treated as a part of Class 5-Tax Claims which Class is unimpaired. Property taxes for the period through December 31, 2005 have already been paid. There are no asserted Claims subject to section 507(a)(8)(C);

j. At least one Class of impaired Claims has accepted the Plan in compliance with section 1129(a)(10);

k. The confirmation of the Plan is not likely to be followed by the liquidation of, or the need for further financial reorganization by, the Debtor or any successor to the Debtor under the Plan, except when such liquidation has been proposed under the Plan in compliance with section 1129(a)(11). The Debtor has provided detailed financial projections (Debtor's Exhibits 26 and 27) which support its ability to perform the Plan. The Plan is feasible;

l. The Plan provides for the payment of all fees pursuant to 28 U.S.C., section 1930 upon the effective date of the Plan in compliance with section 1129(a)(12); and

m. The provisions of section 1129(a)(13) are not applicable to the Debtor.

19. The only impaired Creditor who is not a member of an accepting Class is the holder of the Noyes Claim. As set forth in the analysis below, the lack of acceptance by the holder of the Noyes Claim notwithstanding, the Court finds that the Plan, as to the holder of the Noyes Claim, complies with the applicable requirements of section 1129.

## CONCLUSIONS OF LAW

20 The Court has jurisdiction over this case pursuant to 28 U.S.C., section 1334. This case and all related matters have been referred to the Court pursuant to 28 U.S.C., section 157(b). The confirmation of the Plan constitutes a "core" proceeding pursuant to section 157(b)(2)(A), (L) and (O).

21. In accordance with the Bar Date Order, the Debtor has given notice by publication of the Bar Date for filing Claims. The Court finds that such notice by publication is sufficient and proper notice to unknown Creditors of the Debtor relating to the Bar Date; provided, however, the Court makes no findings as to whether any specific Creditor constitutes an unknown or known Creditor which must be determined on a case-by-case basis.

22. In accordance with the Publication Order, the Debtor has given notice by publication of the filing of the Plan, the deadline for objections to the Plan, and the date and time

of the Confirmation Hearing. The Court finds that such notice by publication is sufficient and proper notice to any unknown Creditor of the Debtor; <u>provided, however</u>, the Court makes no findings as to whether any specific Creditor constitutes an unknown Creditor which must be determined on a case-by-case basis.

23. The Plan satisfies the requirements of section 1123.

24. The Plan complies with the requirements of section 1129(a) except for the requirement of section 1129(a)(8) based on the lack of the acceptance of the Plan by the holder of the Noyes Claim. As to all other Creditors and Interest Holders, the Plan complies with the requirements of section 1129(a).

25. With respect to the Noyes Claim, the Plan is still subject to confirmation, the failure to satisfy section 1129(a)(8) notwithstanding, pursuant to the provisions of sections 1129(b)(1) and 1129(b)(2)(B)(i), the latter of which provides in relevant part as follows:

> For purposes of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>
> * * *
>
> (B) With respect to a class of unsecured claims – (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of the claim;...

26. The Plan provides for the treatment of the Noyes Claim in paragraph 4.8(d), the applicable provisions of which state as follows:

> (d) <u>Noyes Claim</u>.
>
> (i) The Noyes Claim shall be deemed as a Contested Claim until Allowed. To the extent Allowed, if any, the Noyes Claim shall bear interest from and after the Effective Date at the Plan Rate.
>
> (ii) All non-bankruptcy issues relating to the Noyes Claim shall be adjudicated and determined as a part of the litigation pending before the United States District Court for the Southern District of Ohio. The Reorganized Debtor shall be entitled to assert all claims or counterclaims against the Noyes Claimants, both as an offset and for purposes of an affirmative recovery, as a part of such litigation. All bankruptcy issues relating to the Allowance of the Noyes Claim shall be determined by the Court, including the applicable rate of interest

from and after the Petition Date and the rate of interest applicable after the Effective Date.

(iii) All interest accruing on the Noyes Claim through the Initial Distribution Date shall be included in the amount of the Allowed Clam as of the Initial Distribution Date and shall be treated as a part of the Allowed Claim for payment. Beginning on the applicable Initial Distribution Date, the Allowed Claim (if any) of the Noyes Claimant shall be paid in 72 substantially equal monthly installments, each including principal and interest, with the first such installment being due and payable on the applicable Initial Distribution Date, and with a like installment being due and payable on the first day of each successive calendar month thereafter

27. Although the holder of the Noyes Claim did not accept the Plan, such Claimant made no objection to the Plan. Consequently, pursuant to section 4 8(a) of the Plan, the Noyes Claim shall bear interest from and after the Effective Date at the applicable Plan Rate. Pursuant to paragraph 1 69 of the Plan, the applicable Plan Rate is 7% per annum. The Plan proposes payment in full of the Noyes Claim, to the extent Allowed, including interest from the Effective Date, in 72 substantially equal monthly installments. This complies with the requirements of section 1129(b)(2)(B)(i) and does not discriminate unfairly against the holder of the Noyes Claim in compliance with section 1129(b)(1). Consequently, despite the lack of any acceptance of the Plan by the holder of the Noyes Claim, the Plan may still be confirmed pursuant to sections 1129(b)(1) and 1129(b)(2)(B)(i).

28. The Plan meets all requirements of Title 11 for confirmation and should be confirmed and approved.

29. The above findings of fact shall constitute conclusions of law and vice versa.

### END OF ORDER ###

L \BFORSHEY\BLEDSOE BRACE SYSTEMS-1716\PLAN\FINDINGS OF FACT AND CONCLUSIONS OF LAW\Findings of Fact 6 24 06 doc